IN THE UNITED STATES DISTRICT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES CRENSHAW,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **CIVIL ACTION 05-0418-CG-D** |
| ) | |
| **JERRY FERRELL,** ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

Charles Crenshaw, a state prisoner currently in the custody of respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc.1) Petitioner challenges the validity of his 2002 guilty plea and sentence in the Circuit Court of Mobile County, Alabama for the offense of felony murder. (Id.)

This action has been referred to the undersigned Magistrate Judge for entry of a report and recommendation as to the appropriate disposition of the issues in the petition. See 28 U.S.C. § 636(b)(1)(B), 28 U.S.C. § 2254, Rule 8(b)(1) and Local Rule 72.2(c)(4). This matter presently is before the Court on petitioner's petition, (Doc. 1) respondent's answer and evidentiary submissions in support thereof (Docs. 7, 8) and petitioner's response thereto (Doc. 9).

I.  Procedural History

Petitioner was indicted for capital murder by a grand jury in Mobile County, Alabama on

1

November 16, 2001. (Doc. 8, Exhibit A, p. 6 ) [1]  On or about August 2, 2002 petitioner pled guilty to a charge of felony murder in the Circuit Court of Mobile County. (Doc. 8, Exhibit A, p. 4) [2] Thereafter, on or about September 13, 2002 petitioner was sentenced to a term of life imprisonment. (Id.)

Petitioner appealed his conviction and sentence to the Alabama Court of Criminal Appeals. (Doc. 7, Exhibits B & C )  On March 14, 2003 the Alabama Court of Criminal Appeals affirmed petitioner's conviction and sentence by memorandum opinion.  (Doc. 7, Exhibit D) Petitioner failed to file an application for rehearing and did not seek certiorari review in the Alabama Supreme Court.  The Alabama Court of Criminal Appeals issued a certificate of final judgment on April 1, 2003.  (Doc. 7,

---

[1] The facts of the case, summarized from the Alabama Board of Pardons and Paroles Report of Investigation, are as follows: On May 8, 2001 police were called to investigate a homicide at the home of Archie Lee Slater.  Upon arriving at the scene, police found Mr. Slater dead in his kitchen from multiple stab wounds and blunt force injuries.  Mr. Slater's vehicle, along with his checkbook and checks were missing from the residence.  The next day police received a phone call from an employee of the Foot Locker in Mobile who reported that an unidentified individual had purchased shoes in the store using Mr. Slater's personal checks and driver's license.  By coincidence, the employee was acquainted with Mr. Slater and stated that the individual told him Mr. Slater was either his godfather or grandfather.  Police then obtained surveillance video from the store in an effort to identify the individual. Surveillance tapes from Mr. Slater's bank also revealed that the same individual had cashed a check at the bank, presenting Mr. Slater's driver's license as identification.  The individual on both tapes was identified as Charles Crenshaw.  The next day police received an anonymous tip that Mr. Slater's van was located behind a residence in Pritchard, Alabama.  Police recovered the vehicle and were advised by a resident that an individual fitting Crenshaw's description had exited the vehicle and was in a nearby residence.  Police proceeded to the residence where a woman answering the door granted them entry. Crenshaw was found hiding behind a dresser in the home and was arrested.

(Doc. 8, Exhibit F, pp. 12-14)

[2] On August 2, 2002, prior to trial, the defendant withdrew his plea of not guilty to capital murder.  On the motion of the state, and with the consent of defendant and counsel for defendant, the indictment was amended to include a charge of murder to which defendant entered a blind plea of guilty.  (Doc. 8, Exhibit A, p. 4)

Exhibit E)

On April 22, 2004 petitioner filed a Rule 32 petition alleging three claims of ineffective assistance of counsel and one claim that the trial court erred in accepting his plea of guilty to felony murder without presenting the issue to the jury.  (Doc. 8, Exhibit F, pp. 14-36)  After conducting a hearing, the trial court denied the Rule 32 petition on October 14, 2004.  (Doc. 8, Exhibit F, p. 8)  Petitioner appealed the ruling to the Alabama Court of Criminal Appeals, raising only the claim regarding the court's acceptance of his guilty plea to the charge of felony murder.  (Doc. 7, Exhibits G & H)  The Alabama Court of Criminal Appeals affirmed the denial of petitioner's Rule 32 petition on March 11, 2005, finding the petition meritless and time-barred under Alabama Rule of Criminal Procedure 32.2(c).[3]  (Doc.7, Exhibit I )  Petitioner did not file an application for rehearing or a petition for writ of certiorari with the Alabama Supreme Court.[4]  A certificate of final judgment was entered on March 30, 2005.   (Doc. 7, Exhibit K)

Petitioner filed the instant petition for habeas corpus on July 18, 2005, alleging, in sum, that "[t]he trial court erred in amending petitioner's indictment for capital murder to felony murder,

---

[3]  Rule 32.2 of the Alabama Rules of Criminal Procedure states, in pertinent part:

[T]he court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) and (f), unless the petition is filed: (1) in the case of a conviction appealed to the Court of Criminal Appeals, within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, A.R.C.P.;

Ala. R. Cr. P. 32.2(c)

[4]  On June 21, 2005 the Court of Criminal Appeals issued an order denying petitioner's request to file an out of time application for rehearing.  (Doc. 7, Exhibit J)

when no jury was empaneled to be instructed on lesser charge of capital murder."

(Doc. 1) [5] Respondent filed an answer on August 11, 2005 setting forth, *inter alia*, that petitioner's habeas corpus petition is barred by the one-year statute of limitations pursuant to 28 U.S.C. § 2244(d)(1). (Doc. 7) On August 24, 2005, petitioner filed a response to respondent's answer arguing, in sum, that the petition is subject to the doctrine of equitable tolling. (Doc. 9)

II.     Analysis

Respondent argues, in sum, that petitioner's habeas corpus petition is due to be dismissed as it was not filed within one year of the date petitioner's conviction became final as required under the Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) (Doc. 7) [6] The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), which became effective on April 24, 1996, provides that a petitioner has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a federal habeas corpus petition. 28 U.S.C.§ 2244(d)(1)(A).

By order dated April 1, 2003 the Alabama Court of Criminal Appeals issued a certificate of final judgment on petitioner's direct appeal. (Doc. 7, Exhibit E) Thus, for purposes of application of the AEDPA's statute of limitations, petitioner's conviction and sentence became "final," and the one

---

[5] Defendant concedes that he and his counsel agreed to the amendment. However, he argues that an indictment charging capital murder cannot be amended even with the consent of the defendant. (Doc. 1)

[6] Respondent further argues that petitioner's claim is procedurally defaulted as it was "never presented to the Supreme Court of Alabama, and it was held to be time-barred by the Alabama Court of Criminal Appeals." (Doc. 7, p. 5) The court does not reach the issue of procedural default however, as it has determined that the petition is untimely under AEDPA and the extraordinary remedy of equitable tolling is not warranted in this circumstance.

year statute of limitations began to run on April 1, 2003. [7]  Therefore, petitioner had a total of one year (365 days) or until April 2, 2004 in which to file his federal habeas corpus petition.

Petitioner did not file the instant habeas petition until July 14, 2005, well over a year *after* the federal statute of limitations had expired. [8]  However, pursuant to the statute, the one year limitations period may be tolled if petitioner timely filed a Rule 32 petition since "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

Petitioner filed a Rule 32 petition on April 22, 2004.  (Doc. 8, Exhibit F, pp. 14-36)  However this state petition was filed *after* the federal limitations period had expired.  Thus, the federal statute of

---

[7]  "A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the clerk within ninety (90) days after entry of the order denying discretionary review." See Sup.Ct. R. 13. (emphasis added)  When calculating the timeliness of a habeas petition brought under section 2254 the Eleventh Circuit has stated that the conviction does not become final until "90 days after entry of judgment in the state court of last resort."  Jackson v. Secretary for the Dept. of Corrections, 292 F.3d 1347, 1348-49 (11th Cir. 2002)

In the instant case petitioner did not file an application for rehearing nor did he file a writ of certiorari with the Alabama Supreme Court.  Rather, the record before the court reflects that,  eighteen days after the Alabama Court of Criminal Appeals affirmed his conviction and sentence  a certificate of final judgment was issued.  (Doc. 7, Exhibits D & E ); see Ala. R. App. P. 41
( "The certificate of judgment of the court shall issue 18 days after the entry of judgment unless the time is shortened or enlarged by order.... (b) The timely filing of a petition for certiorari in the Supreme Court shall stay the issuance of the certificate of judgment by the courts of appeals.....")  Petitioner stopped the appeals process before seeking discretionary review in the Alabama Supreme Court.  Thus, because the petitioner did not seek discretionary review in the state court of last resort as allowed under Alabama Rules, he is not entitled to the additional ninety (90) days under AEDPA.

[8]  The petition was signed by petitioner and dated July 14, 2004 and bears a file stamped date with this court of July 18, 2004.

limitations governing this action was not tolled, as it had already expired when petitioner filed the petition for post conviction relief in state court.  See Webster v. Moore, 199 F.3d 1256, 1299 (11th Cir. 2000), cert. denied 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed. 2d 454 (2000) ("A state court petition [ ] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

While it is clear that petitioner's habeas petition was untimely filed, before recommending dismissal, the undersigned must ascertain whether the petitioner has pled extraordinary circumstances which would justify equitable tolling of the limitations period.  The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar.  Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)].  Equitable tolling is an extraordinary remedy which is typically applied sparingly.  See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).  See also Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3rd Cir. 1998)("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'... [g]enerally, this will occur when the petitioner has 'in some extraordinary way...been prevented from asserting his or her rights.'...[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'... [m]ere excusable neglect is not sufficient.").  Moreover, in the Eleventh Circuit, as a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction."  Helton v. Secretary of Dept. of Corrections, 259 F.3d 1310,

1314 (11th Cir.), cert. denied, 535 U.S. 1080, 122 S.Ct. 1965 (2002); Drew v. Department of Corrections, 297 F.3d 1278, 1286-87 (11th Cir. 2002). Recently, the Eleventh Circuit has indicated that a showing of "actual innocence" may also be a recognized exception to the AEDPA's one year statute of limitations. U.S. v. Montano, 398 F.3d 1276, 1284 (11th Cir. 2005) ("Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by Appellant's failure to timely file his §2255 motion.") [9]

On August 24, 2005 petitioner filed a reply to respondent's answer to the habeas petition. Petitioner concedes that his petition is untimely, but maintains that he is entitled to equitable tolling. (Doc. 9) Petitioner states, in pertinent part, as follows:

> The present case presents the extraordinary circumstances reference above. Petitioner did everything he possibly could to get his issues raised in a timely manner. However, as petitioner is unlearned in the law and was depending on the assistance of a law clerk to assist him, through no fault of his own his issues were not raised in a timely manner.

(Doc. 9, p. 3) Petitioner fails to provide the court with any specifics to support his equitable tolling

---

[9] The Court opined, in pertinent part,:

[A] defendant can also overcome the procedural bar created by the failure to appeal if he could show a fundamental miscarriage of justice; 'in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.'

Id. at 1120 (quoting Mills v. United States, 36 F.3d 1052,1055 (11th Cir. 1994) Accordingly, assuming the Eleventh Circuit would recognize the "actual innocence" exception as applied to the AEDPA statute of limitations, petitioner must present reliable evidence not previously presented at trial showing that no reasonable juror would have adjudged him guilty beyond a reasonable doubt.

argument. See, e.g., Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir.1999)(holding that, although equitable tolling can in certain circumstances apply to toll the AEDPA limitation period, it did not apply where the petitioner "does not indicate why he waited until March 1998 to pursue federal habeas corpus relief"); Bilodeau v. Angelone, 39 F. Supp. 2d 652, 659 (E.D.Va.1999) (declining to enlarge time for filing habeas petition where petitioner "has done nothing to explain to this Court's satisfaction his reason for such an inordinate delay").

Petitioner argues that equitable tolling is necessitated as he is unversed in the law and relied upon the assistance of a law clerk to present his issues in a timely manner. (Doc. 9, p. 3)  The Eleventh Circuit has opined that "[i]gnorance of the law usually is not a factor that can warrant equitable tolling." Wakefield v. Railroad Retirement Bd., 131 F.3d 967, 970 (11th Cir.1997); see also Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir. 1999), cert denied, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed. 2d 389 (1999)(holding that AEDPA's limitation period not equitably tolled because "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.... It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason.").  Moreover, petitioner's reliance on a law clerk who failed to file in a timely manner is also insufficient to warrant equitable tolling. See Lawrence v. Florida, ___F.3d ___, 2005 WL 2055875, * 5 (11th Cir., August 26, 2005) citing Howell v. Crosby, 415 F.3d 1250, 1250 (11th Cir.2005)("[A]ttorney negligence is not a basis for equitable tolling, especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline."); see also McLester v. Hopper, 67 F.Supp.2d 1308, 1311-1312 (M.D.Ala.,1999) (citing Justice v. U.S.A., 6 F.3d 1474, 1480 (11th Cir. 1993))("[p]rinciples of equitable tolling...do not extend to what is at best a garden

variety claim of excusable neglect.")

In the final analysis, the Court finds that petitioner has not presented sufficient evidence to warrant equitable tolling. The Court's review of the record in this action does not reflect any justification for the late filing of the petition and petitioner has offered no extraordinary circumstances to justify the out-of-time adjudication of his petition, filed more than one year after the federal statute of limitations had run. Moreover, the undersigned notes that the petitioner has not set forth any facts to support equitable tolling based on a fundamental miscarriage of justice. Accordingly, it is the recommendation of the undersigned that petitioner's habeas petitions be dismissed as time-barred. [10]

III.     Conclusion

The undersigned has reviewed the pleadings and finds that the petitioner has presented no "extraordinary circumstances" that would justify the out-of-time adjudication of his petition. Accordingly, as the petitioner has provided no basis for equitable tolling, it is the recommendation of the undersigned magistrate judge that petitioner's petition for writ of habeas corpus be dismissed as time barred pursuant to 28 U.S.C. § 2254(d).

The attached sheet contains important information regarding objections to the Report and Recommendation.

---

[10] The undersigned also notes that all of petitioner's claims appear to be procedurally barred since petitioner failed to exhaust them in his direct review or his Rule 32 petition. See Dill v. Holt, 371 F.3d 1301, 1303 (11th Cir. 2004) ("Under Alabama law, 'one complete round' of review [ ] includes: (1) filing a petition for certiorari in state circuit court; (2) appealing the denial of that petition to the Alabama Court of Criminal Appeals; (3) petitioning the Alabama Court of Criminal Appeals for rehearing, and (4) seeking discretionary review in the Alabama Supreme Court....").

**DONE** this the 9TH day of September 2005.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**KRISTI K. DuBOSE**
**UNITED STATES MAGISTRATE JUDGE**

11