IN THE UNITED STATES DISTRICT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHARLES CRENSHAW,** | : | |
| Petitioner, | : | |
| vs. | : | **CIVIL ACTION 05-0418-CG-B** |
| **JERRY FERRELL.** | : | |
| Respondent. | : | |

**ORDER**

This matter is before the court on the Report and Recommendation of the Magistrate Judge, dated September 9, 2005 (Doc.10), and plaintiff's objection thereto (Doc. 11). After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a <u>de novo</u> determination of those portions of the recommendation to which objection is made, the court agrees with the recommendation of the Magistrate Judge that the case should be dismissed as time barred pursuant to 28 U.S.C. § 2254(d).

The Magistrate Judge found that petitioner's petition was filed after the one year statute of limitations[1] and that petitioner has presented no extraordinary circumstances that would justify the out-of time adjudication of his petition. Petitioner asserts that the time period should be equitably tolled because he is unlearned in the law and was depending on the assistance from a law clerk provided by the Alabama Department of Corrections. Petitioner concedes that ignorance of the law is not usually a factor that can warrant equitable tolling. However, petitioner asserts that he has a fundamental constitutional right of access to the courts and that he

---

[1] Pursuant to 28 U.S.C. § 2244(d), as amended by the April 24, 1996, enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one year statute of limitation is applicable to a petition for writ of habeas corpus by a person in custody on a judgment of a state court.

is entitled to assistance in the preparation and filing of meaningful legal papers. Specifically, petitioner contends that he is entitled to adequate law libraries or adequate assistance from persons trained in the law and that since the Alabama Department of Corrections has adopted the rule that law libraries will be staffed with persons trained in the law to assist person un-trained in the law, they are responsible for his delay in filing.

"Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir.2001). Equitable tolling is an extraordinary remedy that is typically applied sparingly; however, "it is 'appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' " Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir.2002) (quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999)), cert. denied, 537 U.S. 1237, 123 S.Ct. 1364 (2003). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." Id. at 1286.

The court finds that the circumstances presented do not constitute "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Petitioner has not demonstrated that the circumstances prevented him from timely filing his petition. "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir. 1999), cert denied, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed. 2d 389 (1999). The court agrees with the Magistrate Judge's finding that petitioner's reliance on a law clerk who failed to

file in a timely manner is insufficient to warrant equitable tolling.  See Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005) (citing Howell v. Crosby, 415 F.3d 1250, 1252 (11th Cir.2005)("[A]ttorney negligence is not a basis for equitable tolling, especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline."); see also McLester v. Hopper, 67 F.Supp.2d 1308, 1311-1312 (M.D.Ala.,1999) (citing Justice v. U.S.A., 6 F.3d 1474, 1480 (11th Cir. 1993))("[p]rinciples of equitable tolling...do not extend to what is at best a garden variety claim of excusable neglect.").  "[I]n order to apply equitable tolling, courts usually require some affirmative misconduct, such as deliberate concealment." Cabello v. Fernandez-Larios, 402 F.3d 1148, 1155 (11th Cir. 2005) (citation and internal quotations omitted).  "[E]quitable tolling is appropriate in situations where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against [him]..." Id.  There has been no evidence or even allegation of affirmative misconduct.  The court finds that petitioner has not met his burden of establishing that extraordinary circumstances warrant equitable tolling.

## CONCLUSION

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(A) is **ADOPTED** as the opinion of this Court.  It is **ORDERED** that petitioner's habeas corpus action be and is hereby **DISMISSED** as time barred pursuant to 28 U.S.C. § 2254(d).

**DONE and ORDERED** this 24th day of July, 2006.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE